UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

**ALANA TRIPLETT**                                                            **CIVIL ACTION**

**VERSUS**

                                                                                              **NO. 20-647-SDD-EWD**

**THE SOCIETY, INC., ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on March 31, 2023.

*[signature]*

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

Via Certified Mail 7020 0640 0001 4750 6606

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

ALANA TRIPLETT                                              CIVIL ACTION

VERSUS

                                                            NO. 20-647-SDD-EWD
THE SOCIETY, INC., ET AL.

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the Complaint,[1] filed by Alana Triplett ("Plaintiff"), who is representing herself and who is appearing *in forma pauperis*.[2] Following a hearing held pursuant to *Spears v. McCotter*[3] ("*Spears* Hearing"), and for the reasons set forth below, it is recommended that Plaintiff's suit be dismissed without prejudice. It is further recommended that leave to amend is not warranted because Plaintiff has already had an opportunity to amend and further amendments would be futile.

**I.    BACKGROUND**

On September 28, 2020, Plaintiff filed this civil action against The Society, Inc., Sequoia Financial Services, Cedars-Sinai Marine Del Rey Hospital, Baton Rouge General Medical Center, American Medical Response, and Avail Revenue Solutions (collectively, "Defendants").[4] On March 18, 2021, the Court set a *Spears* Hearing for April 21, 2021.[5] The *Spears* Hearing was rescheduled to May 19, 2021 to accommodate Plaintiff's request to participate by telephone, instead of by Zoom.[6]

Plaintiff appeared via telephone at the *Spears* Hearing.[7] At the outset, the Court explained

---

[1] R. Doc. 1.
[2] R. Doc. 24.
[3] 766 F.2d 179 (5th Cir. 1985).
[4] R. Doc. 1.
[5] R. Doc. 25.
[6] R. Docs. 26, 27.
[7] R. Doc. 33.

to Plaintiff that the purpose of the hearing was to screen the Complaint for federal subject matter jurisdiction and for whether Plaintiff's claims should be dismissed as legally frivolous, including whether her claims are timely.[8] The Court explained the requirements for federal subject matter jurisdiction and questioned Plaintiff about the claims she is attempting to assert and/or the relief she seeks in her Complaint and miscellaneous filings.[9] At the conclusion of the *Spears* Hearing, Plaintiff was ordered to file a comprehensive Amended Complaint by no later than July 16, 2021 (the "*Spears* Hearing Order").[10] Additionally, Plaintiff was advised that her Amended Complaint must (1) contain all of Plaintiff's number allegations as revised, supplemented, and/or amended; (2) comply with Federal Rule of Civil Procedure 8 by including a "short and plain statement of the claim showing that [Plaintiff] is entitled to relief"; and (3) address the issues discussed in the *Spears* Hearing, as further described in the Court's *Spears* Hearing Order. Plaintiff was advised that failure to comply with the *Spears* Hearing Order could result in dismissal of her claims without further notice. The Order was sent to Plaintiff via certified mail, return receipt requested, which she received on June 19, 2021.[11]

---

[8] R. Doc. 33.
[9] R. Docs. 1, 28, 29, 31, 32. Notably, Plaintiff previously filed into the record eleven "Notices of Exhibits," which contained voluminous, unorganized copies of scanned documents—some with handwritten notes, some without—which were stricken by the Court. R. Doc. 16. In a November 4, 2020 Order, the Court advised Plaintiff that "the Court docket is not a place to store evidence and that filing documents or correspondence in the record does not constitute a request for relief from the Court." *Id*. The Court assured Plaintiff that she will have an "opportunity" to present relevant evidence to the Court, "which opportunity must be consistent with the Federal Rules of Evidence and Federal Rules of Civil Procedure, and will come either in connection with motions, or at trial." *Id*. Finally, the Court instructed Plaintiff to stop filing additional evidence with the Court at this time without first obtaining leave to do so. *Id*. During the *Spears* Hearing, the Court again advised Plaintiff of these issues. Despite this, Plaintiff has filed several documents—but no Amended Complaint—since the *Spears* Hearing. *See* R. Docs. 34, 35, 36, 37, 38.
[10] R. Doc. 33.
[11] Although the certified mail return receipt does not appear in the docket, upon entering "Tracking No. 7018 0360 0001 1615 8289" in the United States Postal Service's "tracking" feature located on its website, it shows that *Spears* Hearing Order was "Delivered, Left with Individual" at Plaintiff's address of record on PACER on June 19, 2021 at 10:01 a.m.

II.     LAW AND ANALYSIS

    A.     **Plaintiff Has Not Established That This Court Has Subject Matter Jurisdiction**

During the *Spears* Hearing, it was explained to Plaintiff that, unlike state district courts, which are courts of general jurisdiction and may therefore hear all types of claims, federal courts may only entertain those cases over which there is specific subject matter jurisdiction. Federal subject matter jurisdiction may be established in two ways. This Court has subject matter jurisdiction over "civil actions arising under the Constitution, laws, or treatises of the United States."[12] This Court also has subject matter jurisdiction over civil actions where the amount in controversy exceeds $75,000.00 exclusive of interest and costs and the parties are completely diverse (*i.e.*, all plaintiffs are citizens of a different state than all defendants).[13] The burden of establishing federal subject matter jurisdiction is on the party asserting it (here, Plaintiff).[14] A court may raise on its own at any time the issue of whether subject matter jurisdiction exists.[15]

While Plaintiff had difficulty explaining the nature of her claims or what relief she seeks—and the Court cannot discern this information from Plaintiff's filings, Plaintiff's Complaint, as currently plead, does not state a federal claim because, to the extent she is asserting a claim under the Fair Debt Collection Practices Act ("FDCPA"), she does not allege sufficient information regarding all elements of an FDCPA claim, namely: (1) whether she has been the object of collection activity arising from consumer debt, (2) whether defendants are debt collectors as defined by the FDCPA, and (3) whether defendants engaged in an act or omission prohibited by

---

[12] 28 U.S.C. § 1331.
[13] 28 U.S.C. § 1332.
[14] *Willoughby v. United States ex rel. Dep't of the Army*, 730 F.3d 476, 479 (5th Cir. 2013).
[15] *McDonal v. Abbott Laboratories*, 408 F.3d 177, 182, n. 5 (5th Cir. 2005).

the FDCPA.¹⁶ Despite being given leave to amend her Complaint to try and state a claim (whether FDCPA or otherwise), Plaintiff has failed to do so. As Plaintiff's Complaint does not assert an FDCPA or other federal claim, this Court does not have subject matter under 28 U.S.C. § 1331.

Plaintiff has also not established diversity jurisdiction in this case as she has failed to properly plead the citizenship of any party.¹⁷ During the hearing, Plaintiff confirmed that she is a Louisiana resident; however, pursuant to the Court's research, at least two defendants—the Baton Rouge General Medical Center and Franciscan Missionaries of Our Lady Health System—are Louisiana non-profit corporations according to the Louisiana Secretary of State's website.¹⁸ While residency is not determinative of citizenship, this information suggests that Plaintiff likely is not of diverse citizenship from all Defendants. Further, Plaintiff has not alleged any damages, much less that her damages are likely to exceed $75,000, exclusive of interest and costs, and the information filed by Plaintiff reflects that Plaintiff's damages, if any, will likely fall short of the jurisdictional threshold.¹⁹ Therefore, as Plaintiff has not alleged complete diversity or damages likely to exceed $75,000, exclusive of interest and costs, the Court also does not have subject matter jurisdiction under 28 U.S.C. § 1332.

"A federal court must presume that an action lies outside its limited jurisdiction, and the

---

¹⁶ *See, e.g.*, *Sequel Group, Inc. v. Wilmington Savings Fund Society FSB*, No. 16-2056, 2017 WL 3704833, at *3 (N.D. Tex. June 7, 2017) (citations omitted); *Reyes v. Julia Place Condominium Homeowners Assoc., Inc.*, No. , 2017 WL 466359, at *2 (E.D. La. Feb. 1, 2017) (citations omitted).
¹⁷ While the Complaint lists what appear to be mailing addresses for some of the defendants, to the extent these entities are corporations, Plaintiff would have to allege each entity's principal place of business and place of incorporation to establish citizenship. *Getty Oil v. Insurance Company of North America*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citations omitted) ("In cases involving corporations, allegations of citizenship must set forth the state of incorporation as well as the principal place of business of each corporation.").
¹⁸ *See* https://coraweb.sos.la.gov/commercialsearch/CommercialSearchDetails.aspx?CharterID=262689_06F2623C9F (Baton Rouge General Medical Center listed as nonprofit corporation domiciled in Louisiana) and https://coraweb.sos.la.gov/commercialsearch/CommercialSearchDetails.aspx?CharterID=283408_8F3AEC7B09 (Franciscan Missionaries of Our Lady Health System, Inc. listed as nonprofit corporation domiciled in Louisiana) (last checked 3/30/2023).
¹⁹ Plaintiff's claims appear to be related to bills received from the defendants from whom she says she was "getting a lot of mail" and "not understanding." *See* R. Doc. 33, p. 3.

burden of establishing that the court has subject matter jurisdiction to entertain an action rests with the party asserting jurisdiction."[20] "A district court can dismiss an action *sua sponte* for lack of federal subject matter jurisdiction…even where the defendant makes no responsive pleadings and does not move to dismiss for want of subject-matter jurisdiction."[21] Because Plaintiff has not met her burden of establishing that this Court has federal subject matter jurisdiction, and acknowledged during the *Spears* Hearing that she was not sure if she was "in the proper jurisdiction," this case should be dismissed without prejudice.[22]

    **B.**    **Even if this Court Had Subject Matter Jurisdiction, Dismissal Would Be Recommended**

        **1.**    **Plaintiff Fails to State a Claim for Relief Under Federal or State Law**

On March 18, 2021, Plaintiff was granted leave to proceed *in forma pauperis*.[23] Pursuant to the provisions of 28 U.S.C. § 1915(e), this Court is authorized to dismiss an action brought *in forma pauperis* if satisfied that the action is frivolous, malicious or fails to state a claim on which relief may be granted.[24] A § 1915(e) dismissal may be made at any time before or after service of process and before or after an answer is filed.[25] An *in forma pauperis* suit is properly dismissed as frivolous if the claim lacks an arguable basis in either fact or law.[26] A claim lacks an arguable basis

---

[20] *Edwards v. Jackson Hinds Comprehensive Health Center*, No. 17-972, 2018 WL 3653761 (S.D. Miss. June 11, 2018), at *1, quoting *Nixon v. Goldman Sachs Mortg. Corp.*, No. 16-597, 2016 WL 3763425, at **2–3 (N.D. Tex. July 14, 2016) (*citing* 28 U.S.C. §§ 1331, 1332); *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994)). *See also McKendall v. U.S. Army Corps of Engineers*, No. 15-2631, 2016 WL 3218842, at *1 (E.D. La. June 10, 2016), citing *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) ("The party asserting jurisdiction bears the burden of establishing that the district court possesses subject-matter jurisdiction.").
[21] *Dickens v. TASB Risk Management*, No. 17-00216, 2018 WL 6184804, at *1 (W.D. Tex. Nov. 21, 2018). *See also*, *Craig v. Our Lady of the Lake Regional Medical Center*, No. 15-814, 2017 WL 1113326, at *2 (M.D. La. March 23, 2017), citing Fed. R. Civ. P. 12(h)(3) ("The Court may dismiss an action *sua sponte* if it 'determines at any time that it lacks subject-matter jurisdiction.'").
[22] *See Salcido v. Wilson*, 2022 WL 1564188, at *1 (5th Cir. 2022) (citations omitted) (failure to establish subject matter jurisdiction requires dismissal without prejudice).
[23] R. Doc. 24.
[24] *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).
[25] *Id.*
[26] *Denton v. Hernandez*, 504 U.S. 25, 31 (1992), *citing Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hicks v. Garner*, 69 F.3d 22, 25 (5th Cir. 1995).

in law when it is "based on an indisputably meritless legal theory."[27]

Here, based on what Plaintiff alleged in her Complaint, as clarified in the *Spears* Hearing and other filings, Plaintiff has not provided sufficient information to show that she has a cause of action under federal or state law. At bottom, Plaintiff's Complaint and other filings do not even contain basic information like what the defendants did or how she was injured. Indeed, when asked about this during the *Spears* Hearing, Plaintiff responded, "I can't get into that with you…because I'm not going to make statement when I'm unclear what it's about."[28] Further, the only "relief" Plaintiff appears to seek is (1) for the Court file her documents and keep them of record, (2) for the Court "to recognize [what] is going on," and (3) for a "judge or series of medical judge(s) professionals [to] 'sign off' on a mission to be granted release from any ties to antipsychotics."[29] Finally, as explained during the *Spears* Hearing and to the extent that Plaintiff may be seeking to assert a claim related to a divorce proceeding in the Family Court for East Baton Rouge Parish, the information provided by Plaintiff, including that she has been "estranged from the defendant for more than 24 years" and that her divorce case was "filed in 2000," suggest that any such claims are prescribed on their face.[30]

Because Plaintiff's claims have no arguable basis in fact or law, the Complaint should be dismissed as frivolous and/or for failure to state a claim under 28 U.S.C. § 1915(e). Plaintiff has filed the Complaint and 19 miscellaneous filings, some of which have exhibits attached, and has

---

[27] *Neitzke*, 490 U.S. at 327.
[28] R. Doc. 33, p. 4.
[29] *See, e.g.*, R. Doc. 33, pp. 2-5; R. Doc. 37, p. 1; R. Doc. 38, p. 11.
[30] R. Doc. 33, pp. 4-5 and n. 17. The Court would also not have subject matter jurisdiction over claims to pronounce divorces. *See Congleton v. Holy Cross Child Placement Agency, Inc.*, 919 F.2d 1077 (5th Cir.1990) ("As a general rule, federal courts refuse to hear suits for divorce and alimony, child custody actions, disputes over visitation rights, suits to establish paternity and to obtain child support, and actions to enforce separation or divorce decrees still subject to state court modification"); *Meggett v. Ayala-Meggett*, No. , 2015 WL 13216434, at *3 (W.D. Tex. Dec. 11, 2015) ("Federal courts have traditionally refused to exercise subject matter jurisdiction in a variety of domestic relations cases, including suits for divorce and alimony.") (citations omitted).

provided testimony during the *Spears* Hearing. Plaintiff was given leave to amend her Complaint to see if she could state a claim but failed to file an Amended Complaint, as ordered. As such, Plaintiff has had ample opportunity to state her claims and should not be given further leave to amend.[31]

### 2.   Plaintiff Failed to Comply with the *Spears* Hearing Order

Federal Rule of Civil Procedure 41(b) allows the Court to dismiss as action "for failure of the plaintiff to prosecute or to comply with these rules or a court order…"[32] A review of the record in this matter shows that, despite notice, Plaintiff failed to comply with the Court's Order to file an Amended Complaint.[33] While dismissal on this basis could be considered a harsh remedy,[34]

---

[31] The allegations set forth in Plaintiff's Complaint, liberally construed due to Plaintiff's *pro se* status, the 19 miscellaneous filings and all attached exhibits, and Plaintiff's explanations of her claims during the *Spears* Hearing have been considered in determining that her claims are frivolous. *See* R. Docs. 1, 3, 4, 5, 6, 7, 8, 11, 12, 13, 14, 15, 28, 29, 31, 32, 34, 35, 36, 37, 38. Considering Plaintiff's multiple opportunities to explain her claims to the Court, it is recommended that any further attempt to amend her pleadings be denied. *See, e.g., Payton v. Bizal,* No. 20-1780, 2021 WL 430688, at *3 (E.D. La. Feb. 8, 2021) (denying leave for further amendments to *pro se* Plaintiff in part because the proposed amendments would not cure the noted jurisdictional defects); *Wiggins v. Louisiana State Univ. – Health Care Services Div.*, 710 Fed. Appx. 625, 627 (5th Cir. 2017) (unpub.), quoting *Dark v. Potter*, 293 Fed. Appx. 254, 257 (5th Cir. 2008) (unpub.) (citing *Morrison v. City of Baton Rouge*, 761 F.2d 242, 246 (5th Cir. 1985) ("[T]he plaintiffs in this case have been apprised of the insufficiency of their conclusory allegations ... and have been afforded an opportunity to plead facts that would overcome the bar of *Imbler* immunity. We can assume, therefore, that the specific allegations of the amended complaint constitute the plaintiffs' best case ....")).

[32] *See, e.g., Rogers v. Kroger Co.*, 669 F.2d 317, 319-20 (5th Cir. 1982) ("Rule 41(b) authorizes a district court to dismiss an action for failure to prosecute. A district court may dismiss *sua sponte*, with or without notice to the parties, incident to its inherent powers."); *Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996) ("A district court may dismiss an action *sua sponte* under Fed.R.Civ.P. 41(b) for failure to comply with a court order."); *Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) ("The district court also has the inherent authority to dismiss an action [for failure to prosecute or to comply with any court order] *sua sponte*, without motion by a defendants.").

[33] Although Plaintiff has not filed an Amended Complaint as ordered, Plaintiff has filed several other things since the *Spears* Hearing, including (1) a "Notice of All Hospitals, Creditors/Loan, and All Mental Pharmaceutical Companies"; (b) "letters" dated July 9, 16, and 19, 2021; and (c) a "Notice of Information and Possible Chapter 11 Reorganization." *See* R. Docs. 34, 35, 36, 37, 38. As with Plaintiff's pre-*Spears* Hearing filings, these documents contain unorganized copies of scanned documents—some with handwritten notes, some without—that reference courts/cases other than this one. Further, these documents do not help to elucidate what actions of the Defendants Plaintiff is complaining of, what claims Plaintiff is bringing, or what relief she is seeking.

[34] *See, e.g., GeoVera Specialty Ins. Co. v. Joachin*, No. 18-7577, 2019 WL 1904892, at *5 (E.D. La. Apr. 29, 2019) citing *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1175 (5th Cir. 2006), (quoting *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597-98 (5th Cir. 1981)) ("[B]ecause dismissal is a harsh remedy, short of granting a motion to dismiss, a court may grant a plaintiff leave to amend his complaint."); *Grant v. Gusman*, No. 2018 WL 11304188, at *14 (E.D. La. Mar. 27, 2018) ("However, dismissal is a harsh remedy, and the Court is cognizant of the Fifth Circuit's instruction that a motion to dismiss under Rule 12(b)(6) is view with disfavor and is rarely granted." (internal quotations and citations omitted). *But cf. Carroll*, 470 F.3d at 1175 (noting that the standard under Fed. R. Civ. P. 15(a) "evinces a

Plaintiff was given a final opportunity to state her claims after explanation was provided as to why she had failed to do so. Plaintiff did not choose to take advantage of that opportunity, which warrants dismissal.[35] Additionally, Plaintiff has not taken any action in this case for over a year. As such, Plaintiff's action is also subject to dismissal for failure of the Plaintiff to comply with the *Spears* Hearing Order and/or for failure to prosecute under Local Civil Rule 41(b)(1)(C).[36]

### III. CONCLUSION, RECOMMENDATION, AND ORDER

Plaintiff has not established this Court's subject matter jurisdiction or state a claim against any defendant, and failed to timely file an amended complaint, as ordered, to try to do so. Additionally, she has not taken any action in this case for over a year. Accordingly,

**IT IS RECOMMENDED** that this case be **DISMISSED WITHOUT PREJUDICE**

**IT IS ORDERED** that the Clerk of Court is directed to send a copy of this Magistrate Judge's Report and Recommendation to Plaintiff at her address listed on PACER, via certified mail return receipt requested, and via regular mail.

Signed in Baton Rouge, Louisiana, on March 31, 2023.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

bias in favor of granting leave to amend," but noting that "leave to amend can be properly denied where there is a valid justification.").

[35] *See Wiggins*, 710 Fed.Appx. at 627. *See also Forman v. Davis*, 371 U.S. 178, 182 (1962) (listing the following as reasons that warrant denying leave to amend: *undue delay*, bad faith or *dilatory motive* on the part of the movant, *repeated failures to cure deficiencies* by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, *futility of the amendment*, etc.); *Dussouy*, 660 F.2d at 598 (accord); *Carroll*, 470 F.3d at 1175 (affirming district court's refusal to grant leave to amend where court agreed to review plaintiff's proposed changes but plaintiff failed to present them to the court by the specified deadline, among other things); *McGowan v. Ditech Financial, LLC*, No. 2018 WL 4346722, at *6 n.1 (explaining that dismissal of pro se plaintiffs' claims without leave to amend is warranted where "[p]laintiffs failed to take advantage of the Court's prior invitation to file an amended pleading after the Court dismissed their first claim.").

[36] Local Civil Rule 41(b) provides that the court may dismiss a civil action for lack of prosecution where the case has been pending for six months without proceedings being taken within such period unless the case is awaiting action by the court.